IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CALVIN DAKOTA KING, #2010070067**                                   **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 1:10-cv-533-LG-RHW**

**GEORGE COUNTY REGIONAL CORRECTIONAL FACILITY**          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on November 18, 2010. On November 22, 2010, two Orders [3, 4] were entered in this action. One Order [4] directed Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within thirty days. The other Order [3] directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. Plaintiff failed to comply with both of the Orders. Plaintiff was warned in both Orders that failure to advise the Court of a change of address or failure to timely comply with any Order of the Court may lead to the dismissal of his Complaint.

On January 19, 2011, the Court entered an Order [5] directing Plaintiff to show cause, on or before February 9, 2011, why this case should not be dismissed for his failure to comply with the Court's Orders [3, 4] of November 22, 2010. Plaintiff was warned in the Show Cause Order [5] that failure to advise the Court of a change of address or failure to timely comply with the Order would result in the

dismissal of his Complaint without further notice. Plaintiff failed to comply with the Show Cause Order.

Since Plaintiff is proceeding *pro se*, he was provided with one additional opportunity to comply with the Court's Orders. On February 25, 2011, a Second Order to Show Cause [6] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Orders of November 22, 2010, and January 19, 2011, and further directing Plaintiff to comply with these Orders. The Second Order to Show Cause [6] also warned Plaintiff that failure to advise the Court of a change of address or failure to timely comply with the requirements of the Order would result in the dismissal of his Complaint, without further notice.

On March 18, 2011, the envelope [7] containing the Second Order to Show Cause was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward." The envelope also has a notation that states "forward to 105 Pecan Circle, Lucedale, MS 39452." Since this forwarding address matched an alternate address Plaintiff provided in his original Complaint, an Order [8] was entered on April 18, 2011, directing the Clerk to mail a copy of the Second Order to Show Cause to the Plaintiff at this address. The Order [8] directed the Plaintiff to comply with the previous Orders by filing the required documents, on or before May 9, 2011. In addition, the Order [8] directed the Plaintiff to file a written response, on or before May 9, 2011, designating his current address for the record of this case. On May 11, 2011, the envelope [9] containing

this Order [8] was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward."

Plaintiff has not complied with five Court Orders, and he has not contacted this Court since he filed his Complaint on November 18, 2010. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *See id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure, is proper. Since the Defendant has not been called upon to respond to Plaintiff's pleading, and has not appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 3rd day of June, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE